IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LAKENYA K. MONFORT, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>REALPAGE, INC. d/b/a LEASING DESK,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE NO.<br>_____<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Pursuant to Federal Rules of Civil Procedure 8 and 23, Plaintiff LaKenya K. Monfort respectfully shows the Court the following:

Parties, Jurisdiction and Venue

1. Ms. Monfort is an individual and a resident of the State of Georgia who resides in this District and this Division. Ms. Monfort is a "consumer" under 15 U.S.C. § 1681a(c).

2. Defendant RealPage, Inc. ("RealPage") is a Delaware corporation that is authorized to transact business in the State of Georgia and is subject to the jurisdiction of this Court. RealPage can be served with

- 1 -

process by serving its registered agent, United Corporate Services, Inc., at 4228 First Avenue, Suite 10, Tucker, Georgia 30084.  RealPage is a consumer reporting agency under 15 U.S.C. § 1681a(f).

3.    The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.*

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) and this Division pursuant to Local Rule 3.1B(1) and (3).

<u>Factual Background</u>

5.    In December 2018, Ms. Monfort applied to lease an apartment at a complex called Avondale Reserve, which is located in Avondale Estates, Georgia.

6.    On or about December 20, 2018 and as part of the leasing application process, the property manager for Avondale Reserve retained RealPage to conduct a background check on Ms. Monfort, which included credit information and a criminal records check.

7.    On or about December 21 2018, RealPage completed its background check on Ms. Monfort and sold it to the property manager for

Avondale Reserve.  The RealPage background check was a consumer report under 15 U.S.C. § 1681a(d).

8.     The consumer report that RealPage prepared regarding Ms. Monfort contained inaccurate information.  Specifically, it stated that on January 15, 2014, Ms. Monfort was convicted of a felony charge of battery and family violence in Dekalb County, Georgia.  That information was inaccurate because Ms. Monfort was not found guilty of a felony in connection with that charge, and she has not otherwise been convicted of a felony.

9.     RealPage negligently or recklessly and willfully violated 15 U.S.C. § 1681e(b) by failing to maintain and follow reasonable procedures to assure maximum possible accuracy of the information contained in the consumer report it prepared on Ms. Monfort, to wit:

     a.     RealPage failed to insure that the information set forth in the consumer report it prepared on Ms. Monfort accurately reflected the information maintained on the public records in Dekalb County.

     b.     RealPage failed to insure that the consumer report it prepared on Ms. Monfort distinguished between (i) the crime that Ms.

Monfort was originally charged with and (ii) the crime to which she later pled guilty.

      c.    RealPage failed to insure that the RealPage employee or contractor who prepared the consumer report on Ms. Monfort actually read and/or reported the entirety of the applicable record on Ms. Monfort. Indeed, if RealPage's employee or contractor had bothered to read to the bottom of Ms. Monfort's publicly-available record, it would have been clear that Ms. Monfort was not convicted of "felony" battery and family violence.

10.    On or about December 21, 2018 and on the basis of the inaccurate information contained in the consumer report that RealPage prepared on Ms. Monfort, Avondale Reserve rejected Ms. Monfort's leasing application and has refused to lease an apartment to her.  These actions constituted adverse action against Ms. Monfort.

11.    According to the property manager at Avondale Reserve, the fact that the consumer report prepared by RealPage stated that Ms. Monfort had been convicted of a felony, and not a misdemeanor, was the determinative factor in the decision to take adverse action against Ms. Monfort.

12.    The property manager at Avondale Reserve refused to provide Ms. Monfort with a copy of the consumer report prepared by RealPage. However, the property manager did describe the content of the report to Ms. Monfort, and Ms. Monfort was provided with RealPage's name and contact information.

13.    Shortly after receiving the information described in the preceding paragraph, Ms. Monfort exercised her rights under 15 U.S.C. § 1681i(a).  Specifically, Ms. Monfort sent an email to RealPage in which she disputed the inaccurate information in the consumer report prepared by RealPage, stating that she had never been convicted of or pled guilty to a felony and asking that any information to the contrary be removed from RealPage's files.

14.    Several days later, Ms. Monfort exercised her rights under 15 U.S.C. § 1681g.  Specifically, Ms. Monfort sent an email to RealPage in which she requested that RealPage disclose to her all information in the file that RealPage maintained on her.

15.    On or about December 29, 2018, RealPage completed its reinvestigation of Ms. Monfort's dispute.    RealPage's reinvestigation confirmed that the disputed information was accurate.

- 5 -

16.    That same day, RealPage notified Ms. Monfort of the results of

its reinvestigation, stating:

> Here is a summary of the results of our investigation: **The disputed criminal information included in the report provided to the Avondale Reserve apartment community on 12/20/2018 was derived from public records from the Georgia DeKalb County Courts. Our investigation has determined that the records are accurately reported.**

Emphasis in original.

17.    In fact and as alleged in Paragraph 8 above, the information in

the consumer report that RealPage prepared on Ms. Monfort was inaccurate.

So, the conclusion reached by RealPage's reinvestigation was also

inaccurate.

18.    RealPage negligently or recklessly and willfully violated 15

U.S.C. § 1681i(a) by failing to conduct a reasonable reinvestigation of Ms.

Monfort's dispute, to wit:

    a.    The fact that Ms. Monfort was not convicted of and did not

plead guilty to a felony charge of battery and family violence is readily

apparent from the face of the public records, and RealPage's reinvestigation

failed to properly review and report those records.

b. The RealPage employee or contractor who conducted RealPage's reinvestigation did not read the entire public record regarding the charges against Ms. Monfort.

c. The RealPage employee or contractor who conducted RealPage's reinvestigation was not properly trained in how to review public records and/or interpret them.

d. The RealPage employee or contractor who conducted RealPage's reinvestigation was not properly supervised.

19. Also, on or about December 29, 2018, RealPage responded to Ms. Monfort's request for her full file disclosure.

20. In violation of 15 U.S.C. § 1681g, RealPage recklessly and willfully failed to provide Ms. Monfort with all information in her file at the time of her request. Specifically, the file disclosure that RealPage provided did not contain the severity levels of the criminal offenses reported, *i.e.* the disclosure did not state whether those charges were misdemeanors or felonies.

21. Furthermore, the file disclosure that RealPage provided was false, misleading and confusing to Ms. Monfort. Specifically, the file disclosure:

a.    Represented that it was prepared using "the broadest available criteria" such that all information about Ms. Monfort in RealPage's possession was included in the file disclosure, which was false and confusing.

b.    Represented that the consumer report provided to the property manager at Avondale Reserve was different and suggested that the consumer report contained less information than was included in the file disclosure, which was also false and confusing.

c.    Stated that some of the data in the consumer report was "chang[ed]" by "the source" of the information, which was unclear and confusing as it did not identify or explain the "changes to the data" that were made by "the source."

d.    Failed to identify all (or any) of the inquiries on Ms. Monfort's file during the previous 12 months, which was also contradictory, misleading and confusing as Ms. Monfort's consumer report had been sold to the property manager at Avondale Reserve.

e.    Contained    inoperable    hyperlinks    to    supposedly "Important Information" under the headings "Criminal Disclosure" and "Eviction Report," which was confusing and suggested that Defendant had

additional information on Ms. Monfort that was not contained in the file disclosure.

22.     As a proximate result of RealPage's negligent or reckless and willful violations of the FCRA, including 15 U.S.C. §§ 1681e(b), 1681i(a) and 1681g, Ms. Monfort has suffered actual damages, including without limitation, (i) the loss of housing, which resulted in her being homeless, (ii) emotional distress, such as anxiety, feelings of despair and hopelessness, humiliation and embarrassment and stress, and (iii) an informational injury as a result of receiving a false, misleading and confusing file disclosure.

<u>Class Allegations</u>

23.     RealPage routinely and as a matter of policy and practice obtains information regarding the "Type/Level" of consumers' criminal convictions, *e.g.* whether the conviction was a "felony" or a "misdemeanor."

24.     As alleged in Paragraphs 6-8 above, RealPage obtained such information about Ms. Monfort.

25.     RealPage then sells that information in the form of consumer reports to end-users, clearly displaying the "Type/Level" of the conviction as either "M" for a misdemeanor or "F" for a felony.

26.    For example, the consumer report that RealPage sold to the property manager at Avondale Reserve contained "Type/Level" information about Ms. Monfort's convictions.  The alleged "Type/Level" of the convictions are identified by the red arrow in the photo below.



| ID | Jur code | Disposition | Type/Level | Charge | Record Date | ORI/C/ County | Note |
|----|----------|-------------|------------|--------|-------------|---------------|------|
| 1 | GACTYDEKALB | NOLO CONTENDERE | M | ▬▬▬▬ | 12/02/2011 | Case#11 |  |
| 2 | GACTYDEKALB | GUILTY CONVICTED (ADJUDICATED) | F | BATTERY, FAMILY VIOLENCE | 01/15/2014 | Case#12CR4323 |  |

27.    As a consumer reporting agency under 15 U.S.C. § 1681a(f), RealPage is required to make what is commonly referred to as "full file disclosures" pursuant to 15 U.S.C. § 1681g.

28.    Under 15 U.S.C. § 1681g, consumer reporting agencies are required to disclose to consumers "all of the information in the consumer's file at the time of the request … ."

29.    RealPage has actual knowledge of its obligations under 15 U.S.C. § 1681g and maintains standardized policies and procedures for compliance with 15 U.S.C. § 1681g.

30. The information in RealPage's files regarding the "Type/Level" of convictions is information that RealPage is required to disclose to consumers when making file disclosures pursuant to 15 U.S.C. § 1681g.

31. However, when RealPage makes file disclosures to consumers pursuant to 15 U.S.C. § 1681g, as a matter of policy and practice, RealPage does not provide consumers with the "Type/Level" data regarding conviction in consumers' files.

32. For example, in the file disclosure that RealPage made to Ms. Monfort in December 2018, RealPage intentionally suppressed and did not provide her with the "Type/Level" of her convictions. Indeed, as is clear from the photograph below, RealPage simply minimized or collapsed the column containing the "Type/Level" data, so it could not be seen by Ms. Monfort, but it did not eliminate the column altogether. The red arrow indicates the suppressed or minimized column.



Offense Information - ID column indicates association between offender and offense

| ID | Jur code | Disposition | Charge | Record Date | DRUCJ County | Note |
|----|----------|-------------|--------|-------------|--------------|------|
| 1 | GACTY DEKALB | NOLO CONTENDERE | ▓▓▓▓▓▓▓▓▓ | 12/03/2011 | Case#11C | |
| 2 | GACTY DEKALB | GUILTY (CONVICTED/ADJUDICATED) | BATTERY, FAMILY VIOLENCE | 01/15/2014 | Case#12CR4323 | |
| 3 | GACTY GWINNETT | NOLLE PROSEQUI | ▓▓▓▓▓▓▓▓▓ | 10/14/2017 | Case#17-D-▓▓ | |

33.    RealPage's failure and refusal to provide consumers, like with Ms. Monfort, with information regarding the "Type/Level" of their convictions is a reckless and willful violation of 15 U.S.C. § 1681g that proximately causes such consumers to suffer informational injuries because they are denied statutorily-required information.

34.    <u>Class Definition</u>:  Pursuant to Federal Rule of Civil Procedure 23(b)(3), Ms. Monfort brings this action individually and on behalf of a class defined as follows: "All consumers residing in the United States who (i) between January 29, 2014 and January 29, 2019 (ii) received a file disclosure from RealPage (ii) that contained at least one record of a criminal charge or conviction" (the "Class").

35.    <u>Numerosity</u>:  The members of the Class are so numerous that joinder of all members is impracticable.

a.    RealPage is a publicly-traded company whose stock trades on the NASDAQ Exchange under the ticker symbol "RP."

b.    RealPage's customers include real estate investment trusts (REITS), leading property management companies, fee managers, regionally-based owner operators and service providers. These customers

include nine of the ten largest multi-family property management companies in the United States.

c.    RealPage maintains a database of consumer criminal histories that is the largest in the tenant screening industry and purports to include tens of millions of records from over 800 jurisdictions in 47 states.

d.    RealPage is one of the eight largest tenant screening companies in the United States and is listed by the Consumer Financial Protection Bureau.

e.    Upon information and belief and based on the size of its customers and database and the geographic scope of operations, RealPage issues tens of thousands of consumer disclosures each year to consumers located across the United States.

36.    Commonality:  There are questions of law or fact common to the members of the Class, which include whether RealPage maintains standardized procedures for responding to requests for consumer disclosures and whether RealPage suppresses or fails to include "Type/Level" information regarding criminal convictions in consumer disclosures.

37.   <u>Typicality</u>:  Ms. Monfort's claims are typical of the claims of members of the Class because RealPage's policies and procedures for making consumer disclosures are standardized and include a policy or practice of not disclosing to consumers the "Type/Level" of criminal convictions.

38.   <u>Adequacy</u>:  Ms. Monfort will fairly and adequately protect the interests of the Class.   Ms. Monfort has retained counsel experienced in handling actions arising under the FCRA and class actions.  Neither Ms. Monfort nor her counsel have conflicting interests that might cause them not to vigorously pursue this action.  Ms. Monfort is aware of her responsibilities to the Class and has accepted such responsibilities.

39.   Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate because:

a.   <u>Predominance</u>:  The questions of law or fact common to the members of the Class predominate over any questions affecting individual Class members.  The common facts and legal questions alleged in paragraph 36 above overwhelm any individual issues.  Furthermore, any individual issues that might exist can be effectively streamlined and resolved in a

manner that minimizes the individual complexities and differences in the case.

        b.   <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  FCRA claims are ideal for class treatment because such claims are relatively small and are held by consumers who are unaware of their claims.  Furthermore, individual litigation of the Class' claims in this case would be impractical because of the geographic dispersion of the Class members and would be a waste of judicial resources.

<u>Count 1 – Violation of 15 U.S.C. § 1681e(b) – Ms. Monfont only</u>

40.   The consumer report that RealPage prepared on Ms. Monfort was inaccurate for reasons described in Paragraph 8 above.

41.   RealPage negligently or recklessly and willfully failed to maintain and follow reasonable procedures designed to assure maximum possible accuracy of the information in the consumer report it prepared on Ms. Monfort, as alleged in Paragraph 9 above.

42.   As a proximate result thereof, Ms. Monfort has suffered and is entitled to recover actual damages, as alleged in Paragraph 22 above, in an

amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

43.    In the alternative and as a result of RealPage's reckless and willful violation of 15 U.S.C. § 1681e(b), Ms. Monfort is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

44.    As a result of RealPage's reckless and willful violations of 15 U.S.C. § 1681e(b), Ms. Monfort is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

45.    Ms. Monfort is also entitled to recover the costs of this action and her reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

<u>Count 2 – Violation of 15 U.S.C. § 1681i(a) – Ms. Monfort only</u>

46.    RealPage negligently or recklessly and willfully failed to conduct a reasonable reinvestigation of Ms. Monfort's dispute as alleged in Paragraph 18 above.

47.    As a proximate result thereof, Ms. Monfort has suffered and is entitled to recover actual damages, as alleged in Paragraph 22 above, in an

amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

48.    In the alternative and as a result of RealPage's reckless and willful violation of 15 U.S.C. § 1681i(a), Ms. Monfort is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

49.    As a result of RealPage's reckless and willful violations of 15 U.S.C. § 1681i(a), Ms. Monfort is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

50.    Ms. Monfort is also entitled to recover the costs of this action and her reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

<u>Count 3 – Violation of 15 U.S.C. § 1681g – Ms. Monfort individually and on behalf of the Class</u>

51.    RealPage recklessly and willfully failed to provide Ms. Monfort and members of the Class with all information in their consumer files when it made file disclosures to them, as alleged in Paragraphs 19-21 and 23-33 above.

52.     As a proximate result of RealPage's reckless and willful violations of 15 U.S.C. § 1681g, Ms. Monfort and members of the Class are entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

53.     As a result of RealPage's reckless and willful violations of 15 U.S.C. § 1681g, Ms. Monfort and members of the Class are entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

54.     Ms. Monfort and the Class are also entitled to recover the costs of this action and reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Ms. Monfort respectfully prays that the Court:

1.      Issue process to the Defendant;

2.      Certify the Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and issue notice of same to members of the Class.

3.      Conduct a trial by jury of all claims asserted herein;

4.      Enter judgment in favor of Ms. Monfort and the Class as consistent with the jury's verdict; and

5.      Grant Ms. Monfort and the Class such other and further relief as it deems just and necessary.

This 29th day of January, 2019.

**MCRAE BERTSCHI & COLE LLC**      /s/ Craig E. Bertschi
Suite 200, 1350 Center Drive       Craig E. Bertschi
Dunwoody, Georgia 30338            Georgia Bar No. 055739
                                   ceb@mcraebertschi.com
                                   678.999.1102

                                   Charles J. Cole
                                   Georgia Bar No. 176704
                                   cjc@mcraebertschi.com
                                   678.999.1105

                                   *Counsel for Plaintiff*